UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61716-CIV-ROSENBAUM

DAVID RAMNARINE,

                Plaintiff,

v.

CP RE HOLDCO 2009-1, LLC and
POMPANO AUTOMOTIVE ASSOCIATES, LLC,

                Defendants.
_____/

## ORDER

This matter is before the Court upon Plaintiff David Ramnarine's Motion to Strike Defendants CP RE Holdco 2009-1, LLC's ("Holdco") and Pompano Automotive Associates, LLC's ("Pompano Automotive") Affirmative Defenses [D.E. 14]. The Court has reviewed all supporting and opposing filings and the record in this case. For the reasons that follow, the Court denies Plaintiff's Motion to Strike.

### *I. Introduction*

On August 8, 2012, Plaintiff filed a Complaint against Defendants alleging discrimination in violation of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"), and the ADA's Accessibility Standards, 28 C.F.R., Part 36.  D.E. 1 at 1, 3.  Plaintiff asserts that he is disabled under the ADA.  D.E. 1 at 2.  Defendant is an automobile company and dealership. *Id.* According to the Complaint, Defendants discriminated against Plaintiff by way of physical barriers

to the property, which make the property inaccessible and unusable by individuals with disabilities, in violation of the ADA. D.E. 1 at 4; *see also* D.E. 14 at 1.

Defendants have asserted twenty-one affirmative defenses in their Answer to Plaintiff's Complaint. D.E. 13. Plaintiff seeks to strike Defendants' first, nineteenth, and twentieth affirmative defenses, as well as Defendants' reservation of the right to amend their affirmative defenses.[1]

## *II. Discussion*

### A. Applicable Standard on a Motion to Strike

Rule 12(f), Fed. R. Civ. P., governs the Court's authority to strike pleadings. It provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P., Rule 12(f). Although the Court enjoys broad discretion when considering a motion to strike, *see Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005), striking allegations from a pleading "is a drastic remedy to be resorted to only when required for the purposes of justice," and only when the stricken allegations have "no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962);[2] *Jackson v. Grupo Indus. Hostelero, S.A.*, 2008 WL 4648999 (S.D. Fla. Oct. 20, 2008)); *Marley v. Jetshares Only, LLC*, 2011 WL 2607095, *7 (S.D. Fla. June 30, 2011) ("Motions to strike affirmative defenses are disfavored").

---

[1] Originally, Plaintiff also moved to strike Defendants' eighteenth affirmative defense, but in response, Defendants withdrew that defense. Therefore, the Court does not address the eighteenth affirmative defense.

[2] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

On the other hand, where a defense is insufficient as a matter of law, it should be stricken. "A defense is insufficient as a matter of law only if the pleading on its face is patently frivolous, or it is clearly invalid as a matter of law." *Marley*, 2011 WL 2607095 at *1.

**B.  Applicable Pleading Standard for Affirmative Defenses**

Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion. Some courts have held that "affirmative defenses are subject to the heightened pleading standard set forth in the Supreme Court cases" of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011). "If this is correct, affirmative defenses which merely offer 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949) (internal citation omitted). To meet the requirements of *Ashcroft* and *Iqbal*, an affirmative defense would have to contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

As a basis for this conclusion, courts adopting this position have explained that it is unfair "to require a plaintiff to provide defendant with enough notice that there is a plausible, factual basis for . . . [the plaintiff's] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *Castillo v. Roche Labs., Inc.*, 2010 WL 3027726, *2 (S.D. Fla. Aug. 2, 2010) (citation and internal quotation marks omitted). In addition, such courts have reasoned, when defendants are permitted

to make "[b]oilerplate defenses," they "clutter [the] docket; they create unnecessary work, and in an abundance of caution require significant unnecessary discovery." *Id.* at *3 (citation and internal quotation marks omitted).

Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g.*, *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008). These courts have pointed to the differences between Rule 8(a), which governs the pleading of claims, and Rules 8(b) and (c), Fed. R. Civ. P., which apply to affirmative defenses.

Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*," (emphasis added), while Rule 8(b)(1)(A) provides only that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c) similarly requires parties to "affirmatively state any avoidance or affirmative defense . . . ." Honing in on absence of the "showing" language in Rules 8(b) and (c), courts finding the *Twombly*/*Iqbal* pleading standard to be inapplicable to the pleading of affirmative defenses have rested their argument primarily on three major grounds.

First, these courts argue that the *Twombly* pleading standard is grounded in Rule 8(a)(2)'s "showing" requirement. *See EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012). To demonstrate this contention, these courts note that the Supreme Court explained in *Twombly*, "[A] plaintiff's obligation to provide the 'grounds' of his '*entitle[ment] to relief*' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (quoting *Twombly*, 550 U.S. at 555) (emphasis added by *Joe Ryan* Court). Similarly, they point to language in footnote 3 of the majority opinion, which responds to the dissent's argument that the Federal Rules eliminated fact pleading altogether and states, "Rule 8(a)(2) still requires a '*showing*,'" rather than a blanket assertion, of *entitlement to relief*." *Id.* at 662-63 (quoting *Twombly*, 550 U.S. at 555 n.3) (emphasis added by *Joe Ryan* Court).

Second, these courts observe the stark omission of the "showing" requirement from Rules 8(b) and (c) and point out the sole requirement of "stating" in Rules 8(b) and (c). *See id.* at 662-63. A significant difference exists between requiring the statement of something and requiring the showing of something. "To state" means "[t]o set forth in words; declare," *The American Heritage Dictionary* 1694 (4th ed. 2000), while "to show" refers to the practice of "demonstrat[ing] by reasoning or procedure" or "demonstrat[ing] to by reasoning or procedure; inform[ing] or prov[ing] to: *showed him how to fix the camera; showed her that it could really happen*," *id.* at 1612.

Third, recognizing what these courts characterize as the clear difference in directives between the language of Rule 8(a), on the one hand, and Rules 8(b) and (c), on the other, these courts invoke the "well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *Id.* at 663 (citing *Bus. Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). In particular, these courts note that if the drafters of Rule 8 had intended for the "showing" requirement to apply to the pleading of defenses, they knew how to say it, as demonstrated by Rule 8(a), and would have written that requirement into

Rules 8(b) and (c).  *Id.*  The drafters of Rules 8(b) and (c) having not done so, these courts reason, the judiciary is not free to engraft the "showing" requirement onto these rules itself.  *Id.*  Thus, these courts conclude, where, as with Rule 8, the language of the provision being construed is clear, the analysis ends with the language, and the court may not take into account policy considerations.  *Id.*

Although this Court candidly confesses to finding the reasoning behind the cases applying the *Twombly* standard to the pleading of defenses to be inherently more appealing from a policy standpoint, in the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses.  "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'"  *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir.1988)).  Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair."  *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, *8 (N.D. Ga. June 13, 2011).  Therefore, so long as Defendants' affirmative defenses give Plaintiffs notice of the claims Defendants will litigate, the defenses will be appropriately pled under Rules 8(b) and (c).

## C.  Defendant's Affirmative Defenses

### *1.  First Affirmative Defense*

Defendants' first affirmative defense states, "Plaintiff lacks standing to bring an [ADA] claim

where he has failed to establish a real and immediate threat that he would again be the victim of the allegedly unconstitutional practice." D.E. 13 at 6. In response, Plaintiff argues that this defense should be stricken because "lack of standing is not a valid affirmative defense in federal practice." D.E. 14 at 4.

In support of his position, Plaintiff relies primarily on *Lugo v. Crestwood Square, Ltd.*, Case No. 11-80566 (S.D. Fla. Oct. 25, 2011) (citing *In re Ackerman*, 247 B.R. 336, 339 (Bankr. M.D. Fla. 2000), *Native American Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003)). *In re Ackerman*, the case on which *Lugo* relies heavily, holds that lack of standing is not an affirmative defense in federal practice because Rule 8, Fed. R. Civ. P., does not set it forth specifically as an affirmative defense.

Rule 8(c), Fed. R. Civ. P., states, "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including" eighteen affirmative defenses that the rule identifies. Although standing is not listed among the eighteen defenses, nothing in the language of Rule 8(c) purports to limit what may be pled as affirmative defenses. *See Gwin v. Curry*, 161 F.R.D. 70, 71 (N.D. Ill. 1995) (describing Rule 8(c) as "set[ting] out a *nonexclusive* . . . list of [affirmative defenses]") (emphasis added). Moreover, numerous courts have allowed standing to be pled as an affirmative defense. *See, e.g.*, *Achievement & Rehabilitation Ctrs., Inc. v. City of Lauderhill*, 2012 WL 6061762, *1 (S.D. Fla. Dec. 6, 2012) ("there is no basis to strike affirmative defense[] . . . 8 (standing) . . . . Th[is] defense[] [is] not 'patently frivolous or clearly invalid as a matter of law. [It raises] substantial questions of law better decided after factual development."); *Guididas v. Cmty.*

*Nat'l Bank Corp.*, 2013 WL 230243, *2 (M.D. Fla. Jan. 22, 2013) ("The affirmative defense of standing is not insufficient nor frivolous and should not be stricken").

Nevertheless, it is true that some courts that have specifically analyzed whether standing qualifies as an affirmative defense have concluded that it does not for reasons other than the fact that standing does not appear on the Rule 8(c) list. *See, e.g., Native American Arts, Inc.*, 253 F. Supp. 2d at 1045. In *Native American Arts, Inc.*, for example, the court, in determining that the defendant had not waived the defense of standing by failing to plead it as an affirmative defense, first held that standing is not an affirmative defense because the plaintiff bears the burden of pleading and proving standing, whereas the defendant must shoulder the burden of pleading and proof on affirmative defenses. *Id.*

The *Native American Arts* Court is, of course, correct that the party invoking federal jurisdiction shoulders the burden of proving standing. *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000). And, the Eleventh Circuit has noted that the "[t]he party asserting an affirmative defense usually has the burden of proving it." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (citation and internal quotation marks omitted). But even assuming that standing does not technically meet the definition of an affirmative defense, it may still be viewed as a type of denial. The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial. *Lugo v. Cocozella, LLC*, 2012 WL 5986775, *1 (S.D. Fla. Nov. 29, 2012) (citation omitted). And, whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still "serve[s] the laudable purpose of

placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims." *Cf. Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 2008 WL 3200691, *1 (M.D. Fla. Aug. 6, 2008). Nor, at this point, does whether Defendants' standing theory is regarded as a denial or an affirmative defense affect how the parties will proceed, as a practical matter. Therefore, the Court denies Plaintiff's Motion to Strike as it seeks to strike the first affirmative defense.

*2. Nineteenth Affirmative Defense*

Defendants' nineteenth affirmative defense reads, "The Defendants affirmatively assert that the Plaintiff's service as a 'tester' indicates that he lacks 'a continuing connection to the subject property; therefore [he] has no standing to seek injunctive relief. . . ." D.E. 13 at 9-10. As with the first affirmative defense, Plaintiff moves to strike the nineteenth affirmative defense, stating that lack of standing is not an affirmative defense in federal practice. In addition, Plaintiff contends that nothing in the record suggests that, as Defendants allege, Plaintiff is a "tester." D.E. 14 at 6. For the same reasons that the Court declines to strike the first affirmative defense, the Court will not strike the nineteenth affirmative defense.

*3. Twentieth Affirmative Defense*

Defendants' twentieth affirmative defense provides, "Defendants state that to the extent that Defendants have or will institute barrier removal plans to eliminate any existing architectural barriers, the litigation instituted by plaintiff cannot serve as the basis for attorneys' fees or injunctive relief in this action. . . ." D.E. 13 at 10. Plaintiff seeks to strike this affirmative defense because "it is conclusory, vague, and ambiguous" and because planning or intending to make a public

accommodation ADA compliant in the near future is not a defense to an injunction to remedy current violations.  D.E. 14 at 8.

The Court will not strike this defense.  Under the ADA, a plaintiff must be the prevailing party in order to recover attorney's fees.  *See* 42 U.S.C. § 12205.  A party is a "prevailing party only if it obtains a court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. & Care Come v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604.  Where a party voluntarily makes its property ADA-compliant to the extent that it renders moot an ADA lawsuit without the Court's entry of a judgment, a formal consent decree, or the functional equivalent of a consent decree, a plaintiff is not the "prevailing party" under the ADA.  *See id.*; *see also Am. Ass'n of People With Disabilities*, 647 F.3d 1093, 1108 n.33 (11th Cir. 2011).  As a result, it cannot recover attorneys' fees.

This defense puts Plaintiff on notice that Defendants intend to raise the issue of voluntary compliance, and it is not improperly conclusory, vague, or ambiguous.  Further, because it is not a frivolous defense or one that is invalid as a matter of law, it will not be stricken.

*4.  Reservation of the Right to Amend Affirmative Defenses*

Finally, Defendants "reserve[] the right to amend and/or supplement [their] answers and affirmative defenses, to assert additional defenses, and/or raise third party claims upon the particularization of Plaintiff's claims, upon discovery, and the review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.  D.E. 13 at 10.  Plaintiff retorts simply that Defendants' reservation of the right to raise additional affirmative defenses as the case proceeds through discovery is improper . . . " and is not an affirmative defense. D.E. 14 at  8.

A review of the Answer reveals that Defendants did not plead their reservation of the right to amend affirmative defenses as an affirmative defense. Therefore, the fact that a reservation of rights may not constitute an affirmative defense is not a basis for striking a reservation of rights.

As to the propriety of reserving the right to amend, the decision regarding whether to allow amendment other than as of right rests within the Court's discretion under Rule 15(a)(2), Fed. R. Civ. P. Therefore, a reservation of rights within an answer is essentially meaningless. Indeed, its presence does not prejudice Plaintiff in any way or somehow confer a right to amend on Defendants without the Court's approval. Accordingly, a motion to strike a reservation of rights really does nothing from the standpoint of Plaintiff's rights or strategic position. In short, it is not necessary to strike the reservation of rights. *See Centex Homes v. Mr. Stucco, Inc.*, 2008 WL 793587 (M.D. Fla. Mar. 25, 2008).

### *III.  Conclusion*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff David Ramnarine's Motion to Strike Defendants CP RE Holdco 2009-1, LLC's and Pompano Automotive Associates, LLC's Affirmative Defenses [D.E. 14] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Broward County, Florida, this 26th day of April 2013.

_____
ROBIN S. ROSENBAUM
United States Magistrate Judge

copies:        All Counsel and Parties of Record